IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-697-BO

| | |
|---|---|
| HOMEWARD RESIDENTIAL, INC. and OCWEN LOAN SERVICING, LLC,  )<br>)<br>)<br>Appellants,  )<br>)<br>v.  )<br>)<br>FIRST BANK, THOMAS SCOTT COOPER, and REBECCA J. COOPER,  )<br>)<br>)<br>Appellees.  ) | ORDER |

This cause comes before the Court on appeal from the United States Bankruptcy Court for the Eastern District of North Carolina. The issues have been fully briefed and the matter is ripe for ruling. For the reasons discussed below, the order of the bankruptcy court is affirmed.

## BACKGROUND

On April 9, 2011, Thomas Scott and Rebecca J. Cooper filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina. Following the debtors' filing under Chapter 13, Homeward Residential initiated an adversary proceeding against First Bank and the debtors on December 2, 2012. Homeward Residential alleges the following. In February 2006, the debtors executed an equity line of credit note and corresponding equity line deed of trust in favor of First Bank, reflecting a security interest in property located in Cary, North Carolina. In December 2006, the debtors conducted a refinance transaction and obtained a new loan from American Brokers Conduit, secured by a deed of trust in favor of American Brokers on the same property. American Brokers subsequently assigned the note to American Home Mortgage Servicing, Inc.,

which has changed its name to Homeward Residential, Inc. At the time of the refinance transaction, the debtors' closing attorney acting on their behalf tendered from Homeward's loan proceeds sufficient funds to pay the First Bank equity line of credit in full. The closing attorney further requested that First Bank terminate the First Bank deed of trust and the right to receive advances. The debtors, pursuant to the refinance, encumbered the property to secure the funds used to pay the First Bank equity line of credit in full by deed of trust in favor of Homeward. The Homeward deed of trust was recorded in the Wake County registry. Subsequent to the refinance, First Bank advanced additional funds to the debtors under its equity line, which amounted to approximately $87,598 at the time of the filing of bankruptcy.

In its complaint, Homeward sought a determination that it has a security interest in the subject property that is superior to that of First Bank, or that First Bank has no security interest in the property at all. Homeward also sought an order cancelling First Bank's deed of trust. As a matter of record as of the date of the Chapter 13 petition and based upon the timing of the recordation of the deeds of trust, First Bank held a first position lien on the subject property and Homeward owns a second position lien. The asserted value of the subject property is $75,000 and the deed of trust deemed to be of second priority will be deemed unsecured and so treated in the Chapter 13 plan.

First Bank filed a motion to dismiss Homeward's adversary complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After finding that it had jurisdiction even though the claims at issue were at bottom claims between to non-debtor parties, the bankruptcy court granted First Bank's motion to dismiss. The bankruptcy court further denied Homeward's motion to amend its complaint as the proposed amendments would not cure its deficiencies. Homeward then filed the instant appeal.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158. A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir.1992). Conclusions of law are reviewed de novo. *In re Apex Express Corp.*, 190 F.3d 624, 630 (4th Cir.1999); *Continental Casualty Co. v. York*, 205 B.R. 759, 762 (E.D.N.C.1997). In conducting its review, the Court is not limited to the grounds relied upon by the bankruptcy court, but may affirm on any ground apparent from the record. *See United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2002).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## DISCUSSION

The issue presented on appeal is whether the bankruptcy court erred in ruling that the statements and allegations in Homeward's complaint were not plausible and disclosed an insurmountable bar to recovery.

I.   DISMISSAL OF HOMEWARD'S COMPLAINT

In its order granting the motion to dismiss, the bankruptcy court assumed that any alleged misconduct or omissions by First Bank alleged in Homeward's complaint regarding the failure to cancel its deed of trust upon request by the debtors' closing attorney and after the balance of the First Bank deed of trust was zero were true, but held that it could not find any link between the acts and omissions alleged and the remedy – extinguishment of First Bank's security interest or subordination of it to Homeward's interest – sought.

The relevant statute raised in Homeward's complaint [DE 2-1], N.C. Gen. Stat. § 45-82.2, provides that upon request by an authorized person to terminate an equity line of credit, the lender shall, *inter alia*, terminate the borrower's right to obtain advances and when the balance becomes zero satisfy the related equity line security instrument as a matter of public record. As the bankruptcy court properly concluded, even assuming that First Bank was in violation of § 45-82.2 for failing to satisfy the related security instrument, this provision does not provide for the remedy Homeward seeks. Instead, the appropriate statutory remedy, as outlined in N.C. Gen. Stat. § 45-36.9, is suit by the landowner for damages. Homeward is neither the landowner nor is it seeking damages as a remedy. Moreover, the relevant statutory scheme expressly provides that failure to comply with a provision shall not invalidate or overrule any rule of validity or priority applicable to any security instrument. N.C. Gen. Stat. § 45-84. The Court finds no merit in Homeward's request that the Court to imply the remedies of cancellation or subordination in its favor into the statutory scheme; because the statutory scheme expressly provides for damages in favor of landowners, and expressly provides that failures to comply shall not be construed to invalidate or overrule priority or validity of any security instrument, there is no basis for the Court to look beyond its plain meaning. *See e.g. Univ. of North Carolina v. Feinstein*, 161 N.C.

App. 700, 704 (2003). Additionally, N.C. Gen. Stat. § 45-36.3, raised Homeward's argument on the first time in this appeal, only applies to deeds of trust satisfied before October 1, 2005, and is therefore not germane to this inquiry.

II.     HOMEWARD'S REQUEST TO AMEND COMPLAINT AND ADDITIONAL ARGUMENTS

At the time the debtors obtained an equity line of credit note and corresponding equity line deed of trust from First Bank and at the time their closing attorney at refinancing allegedly instructed First Bank to satisfy its equity line security interest, the relevant statute provided that only the landowner, not any other authorized person, could request written entry on the security interest showing payment and satisfaction of the instrument. N.C. Gen. Stat. § 45-81(c). Homeward sought to amend its complaint to include this version of the pertinent statute.

Homeward has not alleged that the landowners requested written entry showing satisfaction [DE 2-5], and thus, while leave to amend shall be freely given, the bankruptcy court's denial of Homeward's motion to amend its complaint to include this prior version of the statute as futile was proper. *See* Fed. R. Civ. P. 15(a)(2); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of motion to amend is appropriate where amendment would be futile). Moreover, even if the debtors' closing attorney acting as their agent was determined to be "the landowner" as contemplated by the statute, the Court agrees with the bankruptcy court's conclusion that amendment for this purpose would remain futile because, as discussed above, the remedy of extinguishment or subordination would remain unavailable to Homeward irrespective of whether the request to note the equity line security interest as satisfied was made by the proper party.

Homeward further sought to amend its complaint to pursue its rights under the statutory satisfaction process provided for in N.C. Gen Stat. §§ 45-36.14 and 45-36.15. This process

provides that a satisfaction agent may inform a lender of satisfaction of a deed of trust and, if the lender agrees that cancellation is proper, the deed of trust will be cancelled. If the lender does not agree, a dispute arises that Homeward contends would be properly resolved by the bankruptcy court in the form of a declaratory judgment. Homeward appears to have initiated the statutory satisfaction process on May 28, 2013.

This Court agrees with the bankruptcy court that amendment of Homeward's complaint to include a statutory satisfaction process claim would be a "non-starter" as, at the time of Homeward's invocation of this process in 2013, the balance on the First Bank equity line of credit was approximately $87,598. As the balance was not zero, any request to note the line of credit as satisfied would be denied and therefore futile.

The bankruptcy court further considered Homeward's arguments related to equitable and contractual theories raised in post-hearing briefing for purposes of deciding whether to allow Homeward to amend its complaint, and declined to find that they provided bases upon which Homeward could state a claim under Rule 12(b)(6). This Court finds no error in the bankruptcy court's conclusion that the balance of equities in the case did not weigh in favor of Homeward, who took no action to invoke the statutory satisfaction process provided by §§ 45-36.14 and 45-36.15 until six and one-half years after it funded the debtors' loan and as a legal remedy, such as recourse against the closing attorney or title insurance policy, remained available. *See Embree Const. Grp., Inc. v. Rafcor, Inc.*, 330 N.C. 487, 491 (1992) (a court's intervention in equity is obviated where there is an adequate remedy at law).

Nor did the bankruptcy court err in determining that contractual remedies were not available to Homeward in this instance as the contract Homeward seeks to enforce is one to which it is not a party and there was no contractual language that would impose a duty on First

Bank to cancel the lien. Indeed, the deed of trust explicitly provides that the security instrument remains in effect until released, even if the debt is reduced to zero. The deed of trust does not itself provide any terms regarding the steps for release, and thus even if Homeward could seek to enforce the contract between First Bank and the debtors, it has not alleged any contractual breach.

After conducting de novo review of the bankruptcy court's conclusion of law that Homeward's complaint failed to state a claim upon which relief could be granted and any proposed amendments to Homeward's complaint were futile, the Court finds no error.[1]

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court to grant First Bank's motion to dismiss Homeward's complaint in adversary proceeding No. 12-00300-8-SWH is AFFIRMED.

SO ORDERED, this 3 day of April, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court has declined to consider Homeward's arguments relating to N.C. Gen. Stat. § 45-36.3 or equitable subrogation as those arguments were not presented to the bankruptcy court and Homeward has not demonstrated that this Court should do so. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (arguments raised for the first time on appeal will be not be considered absent showing that failure to do so would result in plain error or a fundamental miscarriage of justice).